UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NUMBER |
| Plaintiff, | ) ) ) | 5:11-cv-023 |
| v. | ) ) | JURY TRIAL DEMANDED |
| THE GEORGIA MILITARY COLLEGE FOUNDATION, INC. d/b/a GEORGIA MILITARY COLLEGE | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide appropriate relief to Solomon Mosley who was adversely affected by such practices. The Commission alleges that The Georgia Military College Foundation, Inc. d/b/a Georgia Military College ("Georgia Military College" or the "Defendant"), discriminated against Solomon Mosley because of his race by subjecting him to a racially hostile work environment and failing to take remedial action to stop the racially offensive

conduct after he complained about the discriminatory activity. This failure to correct the racially offensive conduct caused Mosley's to be constructively discharged and endure severe financial hardship as a result.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Georgia, Macon Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1)and (3).

4. At all relevant times, Georgia Military College, has continuously been a corporation doing business in the State of Georgia and the city of Milledgeville, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Solomon Mosley filed a charge of discrimination with the Commission alleging a violation of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Solomon Mosley began working as a part-time groundskeeper at Defendant's Milledgeville, GA location in June 1998. Mosley then became a full-time groundskeeper in July 2002. Since at least January, 2003, Defendant engaged in unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Mosley to racial harassment in the form of a racially hostile work environment and failing to correct the racially offensive conduct which, ultimately, resulted in his constructive discharge.

8. While working as Groundskeeper, Mosley was supervised by Dick Joyner, who was hired by Defendant on or about 2003. Joyner regularly expressed animosity toward African-American employees.

9. Out of all of the African-American employees he supervised, Joyner treated Mosley the worst and singled him out for especially harsh treatment.

10. Beginning in 2003, Joyner regularly used the term "nigger" or "black nigger" when referring to Mosley and other African American employees, and made other demeaning remarks to Mosley such as telling him that "Blacks do not do what they are supposed to do."

11. Once, Joyner told Mosley that Mosley's kids were "dumb."

12. On two occasions Joyner attempted to bait Mosley into a physical altercation and, on one occasion, instigated a confrontation then disciplined Mosley and suspended him for 2 days.

13. Joyner called Mosley a "nigger" over the radio device used by all maintenance workers. As a result, Mosley's colleagues were witnesses to Joyner's racial harassment and Mosley's humiliation.

14. Mosley reported Joyner's behavior to Ed Moore, Joyner's Supervisor (White male). Mosley described Joyner's actions to Moore and the humiliation he

experienced. In response to Mosley's complaint, Moore failed to act and merely replied that Joyner was "not going anywhere" and that Mosley would be fired before Joyner.

15. Mosley also expressed his desire to move to another area sector away from Joyner more than a dozen times, but Moore told him he was needed in Joyner's department and would not let him fill out a transfer application. In addition, Joyner refused to let Mosley transfer.

16. Mosley also made complaints to Human Resources in 2004 and 2007. Each time persons in Human Resources inquired about the situation but did nothing to alleviate the harassment.

17. After receiving actual notice of the harassment, the Defendant failed to take prompt remedial action to end the harassment and prevent it from recurring.

18. The humiliating treatment and harassment that Mosley endured from Joyner made his working conditions so intolerable that he felt compelled to resign rather than endure further mistreatment.  Therefore, in May 2007, after enduring approximately four years of Joyner's racially harassing conduct, Mosley was constructively discharged.

19. The effects of the practice(s) complained of in paragraphs 7-18, above, have been to deprive Solomon Mosley of equal employment opportunities and, otherwise, adversely affect his status as an employee because of his race.

21. The unlawful employment practices complained of in paragraphs 7-18, above, were intentional.

22. The unlawful employment practices complained of in paragraphs 7-18, above, were carried out with malice and/or reckless indifference to the federally protected rights of Solomon Mosley.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it from engaging in racial discrimination against employees, or otherwise creating or perpetuating racially hostile working conditions.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

C.	Order Defendant to make whole Solomon Mosley, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.	Order Defendant to make whole Solomon Mosley by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined by the jury at trial.

E.	Order Defendant to make Solomon Mosley whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

F.	Order Defendant to pay to Solomon Mosley punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined by the jury at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

s/Robert K. Dawkins
Robert K. Dawkins
Georgia Bar No.: 076206
Regional Attorney

s/James Cerwinski
James Cerwinski
Georgia Bar No.: 277846
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION - Atlanta District Office

100 Alabama Street, SW - Suite 4R30
Atlanta, Georgia 30303
(404) 562-6818 - direct
(404) 562-6932 - general
(404) 562-6905 - facsimile